By the Court :
He who becomes surety for another has a right to pay the debt when it becomes due, and collect it from his principal; he may substitute himself in place of the creditor, and subject any funds or securities provided for the' payment of the debt by the principal ; or he may call upon the creditor to prosecute his suit without delay. The law does not permit the creditor to interfere with these rights. If he do invade them, the surety is held to be discharged.
No principle is better settled, at.the present day, than that a surety can not be further bound than by the terms of his undertaking. These terms can not be changed without his consent. If any change is made that might prejudice his rights, without his consent, he is protected by holding his obligation at an end. A simple omission on the part of the creditor to pursue this remedy is not considered as affecting the rights of either party. But any act which destroys or suspends the right to an instant and continuing pursuit of the remedy, so "as that the surety can not *196 enforce the collection of the debt without delay, absolves him from-his liability.
The defense which such an act gives -to the surety is one proper to be set up in a court of law. The doctrine is originally of chancery, and is of recent introduction there. Its adoption, in the courts of law, is almost within our own times. 4 Cam. C. 336. And it prevails, in either court, according to the circumstances of the-case. The authorities upon which it rests are very numerous. 7 Johns. 336; 12 Johns. 174; 17 Johns. 384; 2 Merivale, 276; 4 Johns. Ch. 7, 337; 2 Marsh. 82, 392; 2 Ves. Jr. 550; 4 Ves. 737; 1 Gall. 32 . 1 Mass. 339; 1 Paine, 305; 3 Wash. C. C. 7; 4 Wash. C. C. 26; 2 Rand. 333; 12 Wheat. 556.
*In the case in 2 Rand., the court lay down the doctrine broadly: “ If a creditor, by agreement with the principal debtor, or by any other act, precludes himself, at law, from proceeding against the principal, after the debt is due, for a moment, or if the agreement is such that a court of equity would stay proceedings at law, the surety is discharged.” Here is a judgment with a stay of execution entered of record. This ties up the creditor’s-hands. If the surety were to pay the debt, he could do nothing-with the judgment until the stay of execution expired. The consideration upon which the stay of. execution was entered is not a matter for investigation. The fact that it is entered suspends the creditor’s right to sue execution, until the entry is avoided. That is sufficient to discharge the surety.
It is objected to the plea that it does not sufficiently aver that the stay of execution was entered without the consent of the surety. The want of this consent is the material facts of the whole defense. We therefore think that the plea is defective. But leave is given to amend.
Judge Wright, having been counsel, did not sit in this case.